[676 NYS2d 686]

In the Matter of PETER L. VITELLI (Admitted as PETER LOUIS VITELLI), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 24, 1998

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gloria A. Bunze* of counsel), for petitioner.

*LaRossa, Mitchell & Ross,* New York City (*Michael S. Ross* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a peti-

tion containing 10 charges of professional misconduct against him. After a hearing, the Special Referee sustained Charges One through Five and Charge Seven, sustained Charge Six on limited grounds, and failed to sustain Charges Eight, Nine, and Ten. The Grievance Committee now moves to confirm the Special Referee's report with respect to Charges One, Two, Three, Four, Five, and Seven, to modify the basis on which the Special Referee sustained Charge Six, and to disaffirm with respect to Charges Eight, Nine, and Ten. The respondent cross-moves to confirm the Special Referee's report with respect to Charges Eight, Nine, and Ten and to disaffirm with respect to Charges One through Seven. In the alternative, the respondent seeks to remand the case to the Special Referee for consideration of certain allegedly exculpatory material and, in the event one or more of the findings of the Special Referee are confirmed, to impose a public censure upon the respondent.

Charge One alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by forging, or causing to be forged, his client's signature on a legal document.

The respondent was retained by Ralph Lieber in or about July 1986 to negotiate and draft a commercial lease for property at 2710 E. Tremont Avenue, the Bronx. Mr. Lieber and his partner, Robert Geller, planned to operate a laundromat/dry cleaning business at that site. The respondent drafted a lease agreement and contract of sale when Messrs. Lieber and Geller subsequently sold the business to 2710 E. Tremont Corporation (hereinafter the 2710 Group) in or about December 1988. The purchase price included a promissory note for $150,000 executed by the 2710 Group, on which it was to make monthly payments to Messrs. Lieber and Geller. The 2710 Group ceased making payments on the note in or about September 1989.

In or about October 1989, Mr. Lieber asked the respondent to bring an action against the 2710 Group on the promissory note. On or about January 29, 1990, the respondent prepared a summons and complaint in the matter of Lieber and Geller against the 2710 Group, which he caused to be served on the Secretary of State on or about March 9, 1990. In connection with that suit, the respondent, on September 10, 1990, without authorization, signed or caused Mr. Lieber's name to be signed on an affidavit of facts in support of a motion for leave to enter a default judgment.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), based on the conduct alleged in Charge One, and, in violation of Executive Law § 135-a (2), acknowledged as notary a forged signature.

On or about September 10, 1990, the respondent acknowledged as notary the forged signature of Mr. Lieber on the aforesaid affidavit of facts at a time that the respondent knew or should have known that Mr. Lieber had not signed the document.

Charge Three alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by making a false statement to his client.

The respondent filed the summons and complaint referred to in Charge One with the Bronx County Supreme Court and purchased an index number on or about October 3, 1990. On or about October 3, 1990, the respondent had a meeting with Mr. Lieber, during which he falsely advised his client that he had obtained a default judgment against the 2710 Group for $229,000, plus $4,000 interest.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by making a false statement to his client.

During the October 3, 1990 meeting, the respondent falsely advised Mr. Lieber that he obtained the aforesaid judgment through "a friend" who is "the clerk" at the Supreme Court, Bronx County, and that they would have to "pay off" the clerk with $500. Further, the respondent cautioned Mr. Lieber against telling Mr. Geller how the judgment was supposedly obtained because he was concerned that Mr. Geller might "go to the DA and get [him] indicted" and cause the clerk to lose his job.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by making a false statement to his client.

In a telephone conversation in or about the week of October 15, 1990, the respondent falsely advised Mr. Lieber that, pur-

suant to a "garnishment", the sheriff seized $25,000 from the 2710 Group's bank account at the Morris Park Avenue Citibank branch. He further stated that the bank was "supposed to turn [the money] over to the sheriff".

In a second telephone conversation around that same week, the respondent falsely advised Mr. Lieber that the bank account had been frozen effective Monday, October 15.

Charge Six alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by forging, or causing to be forged, his client's signature on a legal document.

By surrender agreement dated on or about May 10, 1991, Messrs. Lieber and Geller reacquired possession of the laundromat/dry cleaning business at 2710 E. Tremont Avenue. On or about September 15, 1991, the landlords allegedly caused the business's water lines to be capped, thereby preventing the business's operation.

On or about October 7, 1991, Mr. Lieber asked the respondent to file a constructive eviction suit against the landlords. On or about December 5, 1991, the respondent, without authorization, signed or caused Mr. Lieber's name to be signed on an individual verification. He annexed that to the summons and complaint in the action against the landlords, which he caused to be served on the landlords on or about January 18, 1992. The respondent filed the aforesaid documents with the Bronx County Supreme Court and purchased an index number on or about February 18, 1992.

Charge Seven alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), and in violation of Executive Law § 135-a (2), by acknowledging as notary a forged signature.

On or about December 5, 1991, the respondent acknowledged as notary Mr. Lieber's forged signature on the aforesaid individual verification at a time that the respondent knew or should have known that Mr. Lieber had not signed the document.

Based on the voluminous evidence adduced, we conclude that the Special Referee properly sustained Charges One through Seven and properly failed to sustain Charges Eight, Nine, and Ten. The motion and cross motion are granted to that extent and are otherwise denied. The Grievance Commit-

tee's request to modify the basis on which the Special Referee sustained Charge Six is denied. Notwithstanding the Grievance Committee's conclusion that the respondent's forgery was obvious even to the untrained eye, the Special Referee acted properly in concluding that the evidence was insufficient to support a finding that the respondent executed the forged signatures. As the respondent points out, there is no direct evidence that he forged the two signatures at issue.

In determining an appropriate measure of discipline to impose, the respondent offered no evidence in mitigation of the proven acts of professional misconduct, other than numerous character references belatedly submitted in conjunction with his cross motion. In the respondent's answering statement, his proposed findings, and his cross motion, and throughout his line of questioning, the respondent has attempted to shift the focus of the hearing away from his own conduct and toward that of his former client.

By way of prior discipline, the Grievance Committee issued the respondent a Letter of Caution, dated September 29, 1995, based upon the passage of a significant length of time during which he did not withdraw from employment after having been discharged by his client and/or deliver to that client all papers and property to which he was entitled. In mitigation, the Court considered the respondent's collection of arrears for the client after he was sent the first discharge letter.

By his acts of professional misconduct, the respondent has failed to meet the exacting ethical standards to which attorneys are held. Under the totality of circumstances, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges One through Seven are sustained, and is otherwise denied; and it is further,

Ordered that the cross motion is granted to the extent that Charges Eight, Nine, and Ten are not sustained, and is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter L. Vitelli, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Peter L. Vitelli is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.